IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, f/k/a OM FINANCIAL INSURANCE COMPANY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 5:12-CV-224 (MTT) |
| ESTATE OF BRIAN C. SMITH, by and through SANDRA E. SMITH, Administrator of the Estate of Brian C. Smith, deceased, and EBONY SMITH, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER

On June 15, 2012, Fidelity & Guaranty Life Insurance Company ("FG Life") filed its complaint in interpleader pursuant to Federal Rule of Civil Procedure 22, claiming that it was uncertain as to the proper recipient of certain insurance proceeds and that it may be at risk of incurring double, multiple, or otherwise inconsistent obligations unless the proceeds were paid into the registry of the Court and the correct beneficiary of such proceeds is determined by the Court.  On July 20, 2012, the Court granted that motion (Doc. 7), and on August 8, 2012, FG Life paid the proceeds into the registry of the Court (Doc. 9).  Pursuant to that same order, the Court temporarily restrained the parties from instituting or prosecuting any proceeding in any State or United States court concerning the disputed proceeds until further order of the Court.

Now before the Court is FG Life's Motion for Discharge and for Attorney's Fees. (Doc. 10).  With regard to FG Life's request for discharge, the Court agrees that FG Life

has fulfilled its obligations by depositing the funds into the registry of the Court. Accordingly, to the extent it seeks discharge, the motion is **granted**.  FG Life is **dismissed with prejudice** as a party in this action.

With regard to FG Life's request for attorney's fees, the law is not quite so clear. Rule 22, which governs this interpleader action, does not provide for awarding costs or attorney's fees.  Although Eleventh Circuit precedent has afforded district courts discretion to award attorney's fees to certain interpleader plaintiffs, there is also a well-recognized, and oft-followed, exception to this general rule.  In *In re Mandalay Shores Co-op. Housing Ass'n, Inc.*, 21 F.3d 380 (11th Cir. 1994), the Eleventh Circuit recognized that attorney's fees may not be warranted "when a stakeholder's interpleader claim arises out of the normal course of business."[1]  21 F.3d at 383. Typically, the *Mandalay Shores* court noted, this exception is "applied to insurance companies."  *Id.*  District courts in this Circuit have followed *Mandalay Shores* guidance and denied attorney's fees awards to "life insurance companies for whom interpleader actions are an entirely predictable and routine cost of doing business for which appropriate mitigating measures can be taken in advance."  *Am. Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *3 (S.D. Ala.); *Am. Gen. Life Ins. Co. v. Soule*, 2008 WL 4790654, at *3 (M.D. Fla.); *Hauger v. John Hancock Life Ins. Co.*, 2008 WL 341432, at *4 (M.D. Fla.); *Life Investors Ins. Co. of Am. v. Childs*, 209 F. Supp. 2d 1255, 1257

---

[1] The Eleventh Circuit explained, "an insurance company, for example, avails itself of interpleader to resolve disputed claims to insurance proceeds-disputes that arise with some modicum of regularity.  In a sense, the insurance company will use interpleader as a tool to allocate proceeds and avoid further liability.  As the costs of these occasional interpleader actions are foreseeable, the insurance company easily may allocate the costs of these suits to its customers."  *Mandalay Shores*, 21 F.3d at 383.

(M.D. Ala. 2002); *Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Trust Co.*, 537 F. Supp. 1147, 1150-51 (M.D. Ga. 1982).

Here, FG Life has made no attempt to distinguish the circumstances of this case from those in *Mandalay Shores* and its progeny.  Nor has FG Life provided any documentation as to why the attorney's fees award it seeks -- $5,000.00 – is reasonable under the circumstances.  *See Childs*, 209 F. Supp. 2d at 1256 (finding fees over two percent of the total stake were not "quite minor," as the Eleventh Circuit envisions them being when awarded).  Accordingly, despite Interpleader Defendant Estate of Brian Smith's concession to FG Life's request, the Court exercises its discretion not to award attorney's fees to FG Life.

Finally, with regard to FG Life's request for a permanent injunction, "[s]ection 2361 [of Title 28] only authorizes injunctions against other judicial proceedings in statutory-interpleader actions, it does not apply to rule interpleader."  Wright, Miller & Kane, 7 Fed. Prac. & Proc. Civ. § 1717 (3d ed.).  The Anti-Injunction Act allows federal courts to enjoin state proceedings "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  28 U.S.C. § 2283.  However, every plaintiff in a rule interpleader action who seeks an injunction could argue for the exception, and this would effectively swallow the rule.  "Simply put, entry of an injunction in the rule interpleader context is at best problematic…."  *Jones*, 2008 WL 4949847, at *2.  Here, FG Life has asserted no facts that suggest an injunction is "necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  Accordingly, the temporary injunction entered pursuant to the Court's July 20, 2012 order is hereby **lifted**, and FG Life's request for a permanent injunction is **denied**.  *Accord id.* (denying permanent

-4-

injunctive relief in diversity of citizenship rule interpleader action); *Harris Corp. v. Dunn*,

2006 WL 2691541 (M.D. Fla.) (denying permanent injunctive relief in ERISA rule

interpleader action).

For the reasons set forth above, FG Life's Motion for Discharge and for

Attorney's Fees is **granted in part and denied in part**.  FG Life is **dismissed with**

**prejudice** as a party in this action, and its requests for attorney's fees and for a

permanent injunction are **denied**.

**SO ORDERED,** this 16th day of August, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT