IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FIDELITY & GUARANTY LIFE INSURANCE COMPANY, f/k/a OM FINANCIAL INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>ESTATE OF BRIAN C. SMITH, by and through SANDRA E. SMITH, Administrator of the Estate of Brian C. Smith, deceased, and EBONY SMITH,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 5:12-CV-224 (MTT)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

Before the Court is the motion for default judgment (Doc. 22) by the Estate of Brian C. Smith, by and through its administrator, Sandra E. Smith ("the Estate"). For the following reasons, the motion is **GRANTED**.

In July 2009, Fidelity & Guaranty Life Insurance Company issued a life insurance policy to Brian Smith in the amount of $250,000. (Doc. 1, ¶ 7). He designated his wife, Ebony Smith, and minor daughter, B.C.S., each as 50 percent co-beneficiaries. (Doc. 1, ¶ 8). Brian Smith was shot and killed on July 15, 2011. (Doc. 1, ¶ 9). Pursuant to the policy, Fidelity agreed to pay $125,000 plus interest to B.C.S. (Doc. 1, ¶ 10). However, it did not pay any proceeds to Ebony Smith, who was arrested and charged with the murder of Brian Smith. (Doc. 1, ¶ 11). Instead, on June 15, 2012, Fidelity filed its complaint in interpleader pursuant to Federal Rule of Civil Procedure 22 (Doc. 1) and

paid the remaining $125,000 plus interest[1] into the registry of the Court on August 9, 2012. Fidelity was discharged from this action August 16, 2012. (Doc. 11). The Estate filed an answer to the complaint on August 21, 2012 asserting that all of the benefits deposited with the Court should be paid to B.C.S. (Doc. 12). Ebony Smith was served with the complaint on June 20, 2012. (Doc. 6). She did not respond.

On August 8, 2013, following a jury trial, Ebony Smith was convicted of murdering Brian Smith and was sentenced to life in prison. (Doc. 18, ¶ 7; Doc. 18 at 6). The Estate filed a cross claim against Ebony Smith on December 23, 2013 contending she was not entitled to any of the funds pursuant to O.C.G.A. § 33-25-13 and that the insurance proceeds should be delivered to the Estate for distribution to B.C.S., the sole heir at law.[2] (Doc. 18, ¶¶ 8-10). The Estate personally served the cross claim on Ebony Smith on December 26, 2013. (Doc. 21 at 6). Ebony Smith has failed to plead or otherwise defend herself in this action and has submitted no filings in response to the Estate's cross claim.

The Clerk of the Court docketed an entry of default as to Ebony Smith on January 27, 2014. The Estate now moves for default judgment. (Doc. 22). At a party's request, and following the Clerk's entry of default, the Court may enter default judgment against a defendant who has failed to plead or otherwise defend. *See* Fed. R. Civ. P. 55; *Solaroll Shade and Shutter Corp., Inc. v. Bio-Energy Sys, Inc.*, 803 F.2d 1130, 1134

---

[1] The total amount deposited was $138,497.73

[2] Pursuant to Georgia law, "[n]o person who commits murder…shall receive any benefits from any insurance policy on the life of the deceased, even though the person so killing or conspiring be named beneficiary in the insurance policy. A…judicial finding of guilt not reversed or otherwise set aside as to any of such crimes shall be prima-facie evidence of guilt in determining rights under this Code section. All right, interest, estate, and proceeds in such an insurance policy shall go to the other heirs of the deceased who may be entitled thereto by the laws of descent and distribution of this state[.]" O.C.G.A. § 33-25-13.

(11th Cir. 1986).  Entry of default judgment is committed to the discretion of the Court.[3]  *Hamm v. DeKalb County*, 774 F.2d 1567, 1576 (11th Cir. 1985).  No evidentiary hearing on damages is required where all essential evidence is already of record.  *S.E.C. v. Smyth,* 420 F.3d 1225, 1232 n.13 (11th Cir.2005).

In this case, the well-pleaded allegations in the complaint are taken as true due to the default.  They state a substantive cause of action, and there is a sufficient basis in the pleadings for the relief the Estate seeks.  Because Ebony Smith has failed to plead or otherwise defend her interests in this lawsuit, the Estate's motion for default judgment is **GRANTED**.  All of the funds remaining on deposit with this Court, to include the initial amount deposited and any accumulated interest, shall be paid to the Estate.

**SO ORDERED,** this 19th day of February, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Although it is typically the plaintiff who requests default judgment, the right of a defendant in an interpleader action to do so is also recognized.  Generally, interpleader defendants can utilize Rule 55 when other parties fail to defend.  *Hartford Life & Annuity Ins. Co. v. Bridges*, 2008 WL 4394729 at *1 (M.D. Ga.) (citing 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2701 (3d ed.1998)).  Thus, "a named interpleader defendant who fails to answer forfeits any claim of entitlement that might have been asserted to the res."  *Id.* (citing *Valley Forge Life Ins. Co. v. Rockmore*, 2008 WL 1805450 at *1-2 (M.D. Ga.)).  Of course, in this case, while it is an interpleader defendant, the Estate is also a cross claim Plaintiff as to Ebony Smith.